**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HARLEYSVILLE PREFERRED INSURANCE COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>GLENN VAN DYKE and MAE REALTY HOLDINGS, LLC,<br><br>*Defendants*. | CIVIL ACTION NO.: 7:23-cv-6183<br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiff Harleysville Preferred Insurance Company ("Harleysville"), by and through its attorneys, Riker Danzig LLP, and by way of a Complaint against Defendants Glenn Van Dyke and MAE Realty Holdings, LLC ("MAE") (Van Dyke and MAE are collectively referred herein as the "Defendants"), hereby alleges as follows:

1.  Harleysville seeks a declaration, pursuant to 28 U.S.C. § 2201(a), that it does not owe coverage to MAE for any judgment entered against MAE in a related underlying action filed in the Supreme Court of the State of New York, Rockland County, under caption <u>Glenn Van Dyke v. MAE Realty Holdings, LLC</u>, and index no. 032399/2019 (the "Underlying Action").

2.  An actual controversy exists between Harleysville, Van Dyke and MAE concerning the parties' respective rights and obligations under certain policies of insurance in connection with the Underlying Action.

## THE PARTIES

3.  Harleysville is an Ohio corporation with its principal place of business in Columbus, Ohio.

4.     Upon information and belief, Van Dyke was, at all relevant times, a citizen of Nyack, New York, and is presently a citizen of Jensen Beach, Florida.

5.     Upon information and belief, MAE is a New York limited liability company whose member is a resident of the State of New York.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this matter by virtue of 28 U.S.C. § 1332 because there is complete diversity of citizenship between Harleysville (citizen of Ohio) and defendants, Van Dyke (citizen of Florida) and MAE (whose member is a citizen of New York), and the amount in controversy exceeds $75,000, exclusive of costs.

7.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because, upon information and belief, MAE is a resident of the Southern District of New York, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in the Southern District of New York.

## BACKGROUND

8.     Harleysville issued a businessowners policy bearing policy number BOP00000079612V to named insureds Lexi Realty LLC, ISB Realty LLC, and Bert Real Estate LLC, with per occurrence liability limits of $1 million, for the policy period of May 10, 2018 to May 10, 2019 (the "Policy").

9.     On July 25, 2018, Van Dyke allegedly sustained injuries when he slipped and fell due to a slippery condition (the "Accident") while performing a Section 8 housing inspection of the premises located at 11 Broadway in the Village of Haverstraw, New York (the "Property").

10.    Upon information and belief, MAE was the legal owner of the Property at the time of the Accident.

11.    Upon information and belief, Ira Bernstein is the owner and member of MAE.

12.    Bernstein is also listed as a named insured on the Policy.

13.    On May 2, 2019, Van Dyke filed the Underlying Action against MAE, asserting that he sustained personal injuries as a result of MAE's negligence in the ownership and maintenance of the Property.

14.    On July 15, 2020, the court in the Underlying Action issued a default judgment against MAE.

15.    A judgment was issued in the Underlying Action against MAE on August 31, 2021, for $2,816,263.25 (the "Default Judgment").

16.    On March 6, 2023, MAE made a motion by order to show cause to vacate the Default Judgment.

17.    By decision and order entered April 13, 2023, the court in the Underlying Action denied MAE's motion to vacate the Default Judgment entered against it.

18.    Prior to February 22, 2023, MAE did not provide notice of the Accident to Harleysville.

19.    Prior to February 22, 2023 and up until the present, MAE has not provided written notice of the Underlying Action to Harleysville.

20.    On February 22, 2023, Bernstein and his insurance agent contacted Harleysville by telephone, and requested for the first time that Harleysville provide coverage to MAE for the Default Judgment.

21.    On February 22, 2023, Harleysville informed Bernstein and his agent that Harleysville did not have an obligation to indemnify MAE for the Default Judgment entered against it because MAE was not an insured on the Policy, and the Underlying Action had never been tendered to Harleysville.

22. By letter dated March 13, 2023, Harleysville again denied coverage to MAE for the Default Judgment under the Policy on the bases that MAE did not qualify as an insured under the Policy, that MAE failed to provide timely notice of the Accident and the Underlying Action, and that Harleysville had been irreparably prejudiced by MAE's failure to provide notice prior to the entry of the Default Judgment.

## COUNT I
### (Declaratory Judgment as to MAE and Van Dyke)

23. Harleysville repeats the allegations in the foregoing paragraphs as if fully set forth herein.

24. MAE is not an insured under the Policy.

25. The Default Judgment entered against MAE in the Underlying Action does not fall within the insuring agreement of the Policy because MAE is not an insured under the Policy.

26. Therefore, Harleysville has no obligation to indemnify MAE for the Default Judgment or any other liability it may have in the Underlying Action.

27. Harleysville also has no obligation to pay any amount to Van Dyke on MAE's behalf.

28. Harleysville respectfully request that this Court declare the respective rights and obligations of the parties by declaring that Harleysville has no obligation to defend or indemnify MAE for its liability in the Underlying Action, or to make any payment to Van Dyke on MAE's behalf.

## COUNT II
### (Declaratory Judgment as to MAE and Van Dyke)

29. Harleysville repeats the allegations in the foregoing paragraphs as if fully set forth herein.

30.     The Policy requires the insured to "see to it that we are notified as soon as practicable of an 'occurrence' or an offense which may result in a claim," and to "see to it that we receive written notice of" a suit filed against the insured "as soon as practicable," including by "[i]mmediately send[ing] us copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit'."

31.     Prior to February 22, 2023, MAE did not provide notice to Harleysville of the Accident.

32.     MAE has never provided written notice of the Underlying Action to Harleysville.

33.     The first time MAE requested coverage from Harleysville for the Underlying Action was by telephone call on February 22, 2023, which was after the Default Judgment had been entered against MAE.

34.     As such, Harleysville has been irreparably prejudiced by MAE's failure to provide timely notice of the Accident and timely written notice of the filing of the Underlying Action to Harleysville.

35.     To the extent that the claims against MAE fall within the insuring agreement of the Policy, which is denied, Harleysville has no obligation to provide coverage to MAE or to make any payment to Van Dyke on MAE's behalf because MAE's failure to provide timely notice caused prejudice to Harleysville.

36.     Harleysville respectfully request that this Court declare the respective rights and obligations of the parties by declaring that Harleysville has no obligation to defend or indemnify MAE for its liability in the Underlying Action, or to make any payment to Van Dyke on MAE's behalf.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Harleysville demands judgment and respectfully requests that this Court

enter an order:

   i.      Declaring that Harleysville has no obligation to provide coverage to MAE for the Underlying Action;

  ii.      Declaring that Harleysville has no obligation to make any payment relating to Van Dyke on MAE's behalf; and

 iii.      Granting Harleysville such further relief which the Court deems to be just and equitable.

By: */s/ Jeffrey A. Beer Jr.*
     Jeffrey A. Beer Jr. (JB-8429)
     RIKER DANZIG LLP
     489 Fifth Avenue, 33rd Floor
     New York, New York 10017
     (973) 538-0800
     jbeer@riker.com
     *Attorneys for Plaintiff*
     *Harleysville Preferred Insurance*
     *Company*

Dated: July 18, 2023

4887-0364-4784, v. 2