UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

Harleysville Preferred
Insurance Company,

                       Plaintiff,

       -against-

Gelnn Van Dyke and MAE Realty
Holdings, LLC,

                       Defendants.
-----------------------------------------------------------------X

23-cv-6183-NSR-VR

**OPINION & ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

Currently before the Court is a motion brought by Defendant Glenn Van Dyke to reopen discovery and compel a deposition of nonparty The Stern Agency. For the reasons below, the motion is **DENIED**.

## BACKGROUND

Plaintiff is an insurance company that sued Defendants in July 2023, seeking a declaratory judgment that it need not defend or indemnify Defendant MAE Realty. (ECF No. 1). In an underlying state court action from 2019, Van Dyke sued MAE Realty after he slipped and fell on property allegedly owned by MAE Realty. Van Dyke obtained a default judgment against MAE Realty for approximately $2.8 million.

On April 19, 2024, the Court entered a Case Management Plan that set the deadline for the completion of all discovery for May 31, 2024. (ECF No. 16). Shortly thereafter, at a status conference on May 8, 2024, Van Dyke mentioned — for the

first time — that he intended to depose a representative from Plaintiff's insurance broker, a nonparty named The Stern Agency. Van Dyke confirmed that he possessed contact information for the insurance broker and could complete the deposition by the May 31st deadline. The parties were then directed to provide a joint status letter by June 7, 2024, updating the Court on whether discovery was complete. (Minute Entry for 5/08/2024).

The parties timely submitted their joint letter, which stated that there were no outstanding discovery requests or noticed depositions, although it mentioned that Van Dyke intended to move to reopen discovery. (ECF No. 23). On June 24, 2024, Plaintiff filed its premotion letter seeking leave to move for summary judgment. (ECF No. 24). After Van Dyke failed to respond to the letter, despite being directed to do so by the Court (ECF No. 25), the Court granted Plaintiff leave to move for summary judgment. (ECF No. 27). The briefing schedule required Plaintiff to serve its motion papers by August 9, 2024, and Van Dyke to respond by September 9, 2024. (*Id.*).

On August 9, 2024, Plaintiff properly served its motion for summary judgment. (ECF Nos. 31, 32-19). That same day, Van Dyke moved to reopen discovery. (ECF No. 28). After Van Dyke failed to oppose the summary judgment motion, by opinion and order entered October 9, 2024, Judge Román denied Van Dyke's motion without prejudice and with leave to renew before the undersigned, as the action was referred to the undersigned for general pretrial purposes, which

included discovery. (ECF No. 41). Over one month later, on November 15, 2024, Van Dyke renewed his motion to reopen discovery. (ECF No. 48).

## DISCUSSION

Van Dyke contends that reopening discovery to allow for a deposition of the insurance broker is crucial to determine the factual issues of late notice and prejudice. In its complaint, Plaintiff alleged that it did not have to defend or indemnify MAE Realty because MAE Realty failed to give it proper notice of the state court action. Further, during discovery here, only one person was deposed, a bankruptcy trustee for the property at issue in the state court action. The trustee testified that he would have submitted the summons and complaint to Plaintiff, but he never confirmed that he affirmatively did so. A deposition of the insurance broker would, purportedly, clarify whether Plaintiff received the summons and complaint.

Plaintiff argues three points in opposition: (1) Van Dyke failed to provide a Rule 56(d) affidavit explaining why additional discovery is necessary to oppose the summary judgment motion, (2) whether the insurance broker received the summons and complaint is irrelevant because that cannot provide Plaintiff with sufficient notice under New York law, and (3) Van Dyke made no diligent effort to obtain a deposition of the insurance broker before the close of discovery, essentially waiving his ability to do so.[1] (ECF No. 29).

---

[1] Plaintiff's arguments are taken from its opposition to Van Dyke's initial motion to reopen discovery that was addressed to Judge Román. Plaintiff failed to submit renewed opposition after Van Dyke renewed his motion before the undersigned. By order dated November 26, 2024, the Court stated

Under Rule 16(b) of the Federal Rules of Civil Procedure, a discovery schedule can only be modified "for good cause and with the judge's consent." (FED. R. CIV P. 16(b)(4)), and "[i]t is the movant's burden to establish good cause for failing to comply with a court deadline." *Ruderman v. Law Off. of Yuriy Prakhin, P.C.*, No. 19-CV-2987 (RJD), 2021 WL 11690898, at *2 (E.D.N.Y. Apr. 16, 2021). In determining good cause, some courts consider six specific factors: "(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the [nonmoving] party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence." *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011).

But consideration of those factors is not mandatory. *See Saray Dokum ve Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics Inc.*, 335 F.R.D. 50, 52 (S.D.N.Y. 2020) [hereinafter *Saray Dokum*]. The crux of the analysis is whether the party seeking to reopen discovery demonstrated "why the court's deadlines could not reasonably have been made despite [the party's] diligence." *Castillio v. ELG Parking Inc.*, No. 1:21-CV-02550 (AT) (KHP), 2023 WL 9491724, at *1 (S.D.N.Y. Apr. 4, 2023) (internal quotation marks and citations omitted). Discovery will not be reopened "where a party has faced no impediment in conducting a deposition before

---

that it would consider Plaintiff's prior opposition in deciding the instant motion unless Plaintiff informed the Court otherwise by December 2, 2024. (ECF No. 49).

the close of discovery." *Ahmed v. City of NewYork*, No. 22-CV-8007 (JHR) (JW), 2024 WL 2884039, at *2 (S.D.N.Y. May 23, 2024).

Here, Van Dyke fails to demonstrate good cause for reopening discovery, because he fails to explain why he was unable to obtain this deposition before discovery closed. His motion papers contain no description whatsoever of the steps taken to obtain the deposition or any hardship suffered in trying to do so. At the May 2024 status conference, there was no issue with obtaining the deposition because Van Dyke had the insurance broker's contact information. The parties' joint letter thereafter also indicated there were no outstanding depositions. And although that same letter mentioned the possibility that Van Dyke would seek to reopen discovery, there was no specific mention of the need for the broker's deposition. Now, many months later, Van Dyke fails to explain why he had not noticed the insurance broker's deposition in the month following the May 2024 status conference. Further, Van Dyke failed to comply with Judge Román's order to respond to Plaintiff's premotion letter, which offered a prime opportunity to raise the issue of the insurance broker's outstanding deposition.

Finally, after Judge Román denied Van Dyke's initial motion with leave to renew, Van Dyke waited over one month to submit his renewed motion, despite submitting nearly identical papers to those of his initial motion. About six months passed since Van Dyke first mentioned his desire to take the insurance broker's deposition, yet he cannot provide a single detail for why the deposition did not occur. "[His] failure to explain why this discovery could not have been sought prior

to the end of the discovery period ultimately dooms [his] request to obtain the discovery now." *Saray Dokum*, 335 F.R.D. at 53 (denying motion to reopen discovery because party was not diligent in obtaining deposition prior to close of discovery).

In any event, weighing the six factors identified in *Bakalar v. Vavra*, 851 F. Supp. 2d (S.D.N.Y. 2011), requires the same conclusion. Although trial is not imminent and a deposition of the insurance broker may lead to relevant evidence,[2] the remaining four factors favor denying reopening discovery. Plaintiff opposed the motion and would be prejudiced because it already moved for summary judgment. Van Dyke was not diligent in obtaining the insurance broker's deposition before discovery closed (or before summary judgment was filed), as explained above. And it was not foreseeable that additional time for discovery was necessary because Van Dyke stated at the May 2024 status conference that he could complete the deposition by the so-ordered deadline. He also failed to mention the need for any additional discovery when given the opportunity to do so in opposition to Plaintiff's premotion letter for summary judgment. *See Herbert v. Lynch*, 2024 WL 1076993, at *2 (S.D.N.Y. Feb. 14, 2024) (finding factors weighed in favor of denying reopening discovery, largely because moving party never before mentioned requested deposition and failed to explain why he did not pursue deposition earlier).

---

[2] Testimony from the insurance broker that it received the summons and complaint, thereby providing Plaintiff with only constructive notice, would likely be insufficient for Van Dyke at the summary judgment stage. *See Cambridge Realty Co. LLC v. St. Paul Fire & Marine Ins. Co.*, 421 F. App'x 52, 55 (2d Cir 2011) ("Under New York law, an insurance broker is the agent of the insured, not the insurance company, and notice to an insurance broker, absent exceptional circumstances, is not notice to the insurer."). But testimony that the insurance broker itself affirmatively provided the summons and complaint to Plaintiff could provide relevant evidence of actual notice.

**CONCLUSION**

For the reasons stated above, the motion to reopen discovery and compel a deposition of nonparty The Stern Agency is **DENIED**. The Clerk of Court is respectfully requested to close out the gavel associated with ECF No. 48.

**SO ORDERED.**

DATED:   White Plains, New York
           December 18, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge