USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __09/29/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARLEYSVILLE PREFERRED INSURANCE
COMPANY,

> Plaintiff,

-against-

GLENN VAN DYKE, et al.,

> Defendants.

23-cv-06183 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

On September 24, 2024, Plaintiff Harleysville Preferred Insurance Company ("Harleysville") filed a Motion ("Mot.") seeking summary judgment against Defendant Glenn Van Dyke ("Van Dyke") pursuant to 28 U.S.C. § 2201(a), declaring that Harleysville has no obligation to defend or indemnify MAE Realty Holdings, LLC ("MAE"), or to make any payment to Van Dyke on MAE's behalf in connection with the related underlying action filed by Van Dyke in the Supreme Court of the State of New York, Rockland County (the "Underlying Action") in which Van Dyke obtained a default judgment against MAE Realty for approximately $2.8 million. Harleysville additionally seeks that the Court enter default judgment against MAE, as MAE has not appeared in this litigation.

For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion.

1

## BACKGROUND

Defendant Van Dyke, represented by counsel, chose to submit neither a Rule 56.1 statement nor a counterstatement to Plaintiff's Rule 56.1 statement. A "nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude the facts asserted in the statement are uncontested and admissible ... [i]n the typical case, failure to respond results in a grant of summary judgment once the court assures itself that Rule 56's other requirements have been met." *T.Y. v. New York City Dep't of Educ.*, 584 F.3d 412, 417-418 (2d Cir. 2009); *see also Gubitosi v. Kapica*, 154 F.3d 30, Note 1 (2d Cir. 1998); *Suares v. Cityscape Tours, Inc.*, 603 F. App'x 16, 18 (2d Cir. 2015). Therefore, the following uncontested and admitted facts are derived from the record and Plaintiff's unopposed Rule 56.1 statement and submissions[1], the record and exhibits from discovery in the instant proceeding. The Court also notes that Van Dyke chose not to file a brief in opposition to Plaintiff's motion for summary judgment[2] and MAE has not appeared in the instant action.[3] The facts are undisputed unless otherwise stated.

---

[1] Plaintiff filed a Motion for Summary Judgment ("Mot.," ECF No. 31), attorney declarations ("Beer Decl.," ECF No. 32) and ("Beer Suppl.," ECF No. 35), a Memorandum of Law in Support ("MoL," ECF No. 33), a Rule 56.1 Statement ("Pl. 56.1," ECF No. 34) and a Reply Memorandum of Law ("Reply," ECF No. 36). Defendant did not file any response to Plaintiff's pre-motion letter, at ECF No. 24, opposition or Rule 56.1 Statement. As stated in this Court's endorsement at ECF No. 46 the Court granted StolzenbergCortelli LLP's motion to intervene and opposition to Plaintiff's motion for summary judgment (ECF No. 39, adopted by Van Dyke at ECF No. 43) to the extent that the Court will consider its brief in opposition to Plaintiff's motion for summary judgment as an amicus brief. *See Kehagias v. Philadelphia Indem. Ins. Co.*, 345 F.R.D. 46, 5455 (S.D.N.Y. 2023).

[2] Counsel for Defendant Van Dyke informed Harleysville that its motion to reopen discovery was intended to also serve as opposition to the pending motion for summary judgment. While the Court considers Van Dyke's motion, the Court notes that the submission does not provide any exhibits, evidentiary support, or factual assertions with citation to the record.

[3] In its pre-motion conference letter (ECF No. 24), Harleysville states that Ira Bernstein, then-owner of MAE, "informed Harleysville that MAE has no intention of appearing in the instant litigation or opposing Harleysville's complaint. MAE is currently in default, and Harleysville will seek the entry of default judgment when it moves for summary judgment."

I.    **Factual Background**

    a.  **The Insuring Policy and Key Provisions**

       Harleysville issued a Businessowners insurance policy to "Named Insureds" Lexi Realty

LLC, ISB Realty LLC, and Bert Real Estate LLC, bearing policy no. BOP00000079612V, for the

policy period of May 10, 2018 through May 10, 2019 (the "Policy"). (Pl. 56.1 ¶ 1.) Ira S. Bernstein

is listed as an additional named insured on the Policy's Extension Schedule of Named Insureds.

(Beer Decl., Ex. A, ECF No. 32-1.) The Policy lists 11 Broadway in the Village of Haverstraw,

New York (the "Property") in the location schedule. (*Id.* at 10.) Ira Bernstein was the sole principal

of MAE which owned of the Property at the time of the Accident. (ECF No. 32-3.) MAE is not

listed as an insured on the Policy or otherwise mentioned in the Policy. (Pl. 56.1 ¶ 2.)

The Policy states, in part:

Throughout this Coverage Form the words "you" and "your" refer to the Named Insured
shown in the Declarations. The words "we", "us" and "our" refer to the Company providing
this insurance. (ECF No. 32-17 at 1.)

Section II – Liability, the word "insured" means any person or organization qualifying as
such under Paragraph **C.** Who Is An Insured. (*Id.*)

C**.** Who Is an Insured?

1.     If you are designated in the Declarations as:
      a.  An individual, you and your spouse are insureds, but only with respect to the conduct
          of a business of which you are the sole owner.
      b.  A partnership or joint venture, you are an insured. Your members, your partners and
          their spouses are also insureds, but only with respect to the conduct of your business.
      c.  A limited liability company, you are an insured. Your members are also insureds, but
          only with respect to the conduct of your business. Your managers are insureds, but
          only with respect to their duties as your managers.
          (...)
2.     Each of the following is also an insured:
          (...)
          No person or organization is an insured with respect to the conduct of any current or
          past partnership, joint venture or limited liability company that is not shown as a
          Named Insured in the Declarations.
    (*See* Beer Decl., Exhibit Q at 38-39.)

B.    Section II – Liability is amended as follows:

    1.    Paragraph a. under A.1. Business Liability is replaced by the following:

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. (*See* Section II, endorsement BP 0115 (07/17 ed.), titled "New York Changes," ECF No. 18 at 3(emphasis added).

E. Liability And Medical Expenses General Conditions

    2.    Duties In The Event Of Occurrence, Offense, Claim Or Suit

        a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:

            1.   How, when and where the "occurrence" or offense took place;

            2.   The names and addresses of any injured persons and witnesses; and

            3.   The nature and location of any injury or damage arising out of the "occurrence" or offense.

        b.    If a claim is made or "suit" is brought against any insured, you must:

            1.   Immediately record the specifics of the claim or "suit" and the date received; and

            2.   Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable. (ECF No. 32-17 at 40.)

**b.  The Underlying Action and Instant Action**

During the Policy period, on or about July 25, 2018, Van Dyke slipped and fell on a staircase on the Property (the "Accident") while performing a housing inspection of the Property. (Beer Decl., Ex. B.) At the time of the Accident, MAE was the sole legal owner of the Property. (Beer Decl., Ex. C.) On May 2, 2019, Van Dyke filed a personal injury lawsuit against MAE, resulting in the Underlying Action. (Beer Decl., Ex. B.) The complaint in the Underlying Action alleges that MAE was the entity that owned and was responsible for maintenance of the Property at the time of the Accident, and asserts a single count against MAE, and no other defendants, for negligently causing Van Dyke's Accident. (*Id.* at 3–5.)

Since MAE never answered or otherwise appeared in the Underlying Action, the state court entered default judgment against MAE on July 15, 2020. (Beer Decl., Ex. E, Pl. 56.1 ¶ 4.) An inquest trial was held on June 24, 2021 and, thereafter, the state court issued a final judgement against MAE on August 31, 2021 for $2.8 million. (Beer Decl., Ex. F, Pl. 56.1 ¶ 5.) Almost two years later, on March 6, 2023, MAE sought to vacate the default judgment entered against it based on alleged defects in Van Dyke's service of process on MAE. (Beer Decl., Ex. G.) Van Dyke opposed MAE's efforts to vacate the default judgment. (*See* Beer Decl., Ex. H.) On April 10, 2023, the state court denied MAE's motion to vacate the default judgment entered against it, finding that Van Dyke's service of process on MAE was effective. (Beer Decl., Ex. I at 7–9.)

On March 2, 2022, after attempting and failing to collect on the judgment against MAE, Van Dyke filed a subsequent action against ISB Realty and Ira Bernstein in the Supreme Court of New York, County of Rockland, under Index No. 030873/2022 (the "ISB Realty Action"). (Beer Decl., Ex. J.) The complaint in the ISB Realty Action alleges that ISB is a real-estate management company and was the party responsible for the maintenance of the Property on the date of the Accident. (*Id.* at ¶¶ 6–10.) The complaint filed in the ISB Realty Action also alleges that Ira Bernstein was the owner of the Property at the time of the Accident. (*Id.* at ¶¶ 12–16.)

Harleysville asserts that it was notified of the Accident for the first time on March 10, 2022, when counsel for Van Dyke contacted Harleysville via telephone in connection with the pending ISB Realty Action concerning the Accident. (Beer Decl., Ex. K at 8–9.) During that call, Harleysville asserts that Van Dyke's counsel made mention to Harleysville of the MAE Action but did not claim that Harleysville owed coverage to MAE or that MAE was an insured under the Harleysville Policy, and did not request that Harleysville pay the default judgment on MAE's

behalf. (*Id.* at 1.) Harleysville informed Van Dyke's counsel during that telephone call that MAE was not listed as an insured on the Policy. (*Id.*)

After being notified of the ISB Action in March 2022, Harleysville agreed to defend ISB Realty and Ira Bernstein in the ISB Realty Action and has been defending them in the ISB Action up to the present time. (Beer Decl., Ex. L at 1.) On February 22, 2023, Harleysville was contacted by Ira Bernstein and his insurance agent, seeking assurances that Harleysville would "indemnify for the [default] judgment" entered against MAE in the MAE Action. (Beer Decl., Ex. K at 1.) At that time, Harleysville avers that it informed both that the MAE Action was never tendered to Harleysville and that, in any event, MAE was not an insured on the Policy, and therefore Harleysville had no obligation to indemnify MAE. (*Id.*)

Despite Harleysville never receiving written notice of the MAE Action or a written request for coverage in connection with the MAE Action, Harleysville issued via letter dated March 13, 2023 a formal denial of coverage, and therefore a duty to indemnify, to MAE for the default judgment. (Beer Decl., Ex. M.) Harleysville's letter reiterated its previous communications that Harleysville had no obligation to defend or indemnify MAE in the MAE Action because MAE is not an insured under the Policy, and because Harleysville did not receive timely notice of the MAE Action as required by the terms of the Policy. (*Id.* at 3., Beer Decl., Ex. K at 1.) On the issue of notice, Harleysville contends that even if MAE had qualified as an insured, Harleysville had been irreparably prejudiced by MAE's failure to provide notice of the Accident and the MAE Action prior to the entry of default judgment against MAE, and therefore Harleysville had no obligation to defend or indemnify MAE in the MAE Action pursuant to New York Insurance Law § 3420(c). (*Id.* at 3–4.)

6

**II.    Procedural History**

Plaintiff commenced the instant action on July 18, 2023 seeking a declaratory judgment that it need not defend or indemnify Defendant MAE Realty. (ECF No. 1.) On October 25, 2023, Van Dyke filed an answer to Harleysville's Complaint. (Beer Decl., Ex. O.) MAE has not answered or otherwise appeared and is presently in default in this action. (*Id.* Ex. P.)

On June 24, 2024, Plaintiff filed its premotion letter seeking leave to move for summary judgment seeking a declaration that Harleysville has no obligation to defend or indemnify MAE for MAE's liability in the MAE Action, or to make any payment to Van Dyke on MAE's behalf. (ECF No. 24.) The Court granted Plaintiff leave to move for summary judgment. (ECF No. 27.) On August 9, 2024, Plaintiff properly served its motion for summary judgment. (ECF Nos. 31, 32-19.) That same day, Van Dyke moved to reopen discovery. (ECF No. 28.) After Van Dyke failed to oppose the summary judgment motion, by Order entered October 9, 2024, this Court denied Van Dyke's motion without prejudice and with leave to renew before Magistrate Judge Resnik, as the action was referred to Judge Resnik for general pretrial purposes, which included discovery. (ECF No. 41.) That same day, Van Dyke filed a brief on behalf of StolzenbergCortelli LLP, the firm that represented Van Dyke in the Underlying Action in which the firm sought leave to intervene and to file an amicus curie brief in connection with Harleysville's summary judgment motion. (ECF No. 39.) The Court granted StolzenbergCortelli LLP's motion to intervene to the extent that the Court considers its brief in opposition to Plaintiff's motion for summary judgment as an amicus brief. *See Kehagias v. Philadelphia Indem. Ins. Co.*, 345 F.R.D. 46, 5455 (S.D.N.Y. 2023). (ECF No. 46.)

On November 15, 2024, Van Dyke renewed his motion to reopen discovery. (ECF No. 48.) On December 18, 2024 Judge Resnik denied Van Dyke's motion to reopen discovery and compel

the deposition of a nonparty. (ECF No. 50.) Accordingly, the Court considers Plaintiff's motion for summary judgment at this time.

## LEGAL STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, including depositions, documents, affidavits, or declarations "which it believes demonstrate[s] the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party may support an assertion that there is no genuine dispute of a particular fact by "showing ... that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the nonmoving party to raise the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To oppose summary judgment, "[s]tatements that are devoid of any specifics, but replete with conclusions" will not suffice. *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (holding the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (holding the nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation" (internal quotations and citations omitted)).

A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *accord Gen. Star Nat'l Ins. Co. v. Universal Fabricators, Inc.*, 585 F.3d 662, 669 (2d Cir. 2009); *Roe v.*

*City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008); *Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013). Courts must "draw all rational inferences in the non-movant's favor" when reviewing the record. *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505). Importantly, "the judge's function is not [ ] to weigh the evidence and determine the truth of the matter" or determine a witness's credibility. *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505. Rather, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Id.* at 250, 106 S.Ct. 2505. A court should grant summary judgment when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.

## DISCUSSION

The parties' primary dispute turns on whether MAE qualifies for coverage under the Policy such that Harleysville would have an obligation to defend or indemnify MAE for MAE's liability in the Underlying Action. Plaintiff contends that (1) MAE is not covered because it is not a Named Insured on the Policy, and (2) even if MAE had qualified as an insured under the Policy, MAE failed to provide timely notice of the Accident and MAE Action to Harleysville, and Harleysville has been "irreparably prejudiced by that lack of notice by virtue of the entry of default judgment against MAE." (Beer Decl., Ex. N at ¶¶ 1, 23–36.) Defendant MAE contends that while the Policy does not name MAE explicitly, (1) Ira Bernstein (MAE's sole owner at the time) was listed as a Named Insured on the Policy and can be considered the "alter ego" of MAE, and (2) the Property is listed in the location schedule of the Policy and is therefore covered under the Policy. (*See Mot. to Take Dep. from The Stern Agency*, ECF No. 28.) For the reasons set forth below, the Court has determined that MAE is not entitled to coverage under the Policy, and as such Harleysville has no duty to defend or indemnify MAE. There is no genuine dispute of material fact with respect to this issue.

I.      **Whether MAE is Insured Under the Insuring Policy**

"The initial interpretation of a contract is a matter of law for the court to decide." *Parks Real Estate Purchasing Group v. St. Paul Fire and Marine Ins. Co.,* 472 F.3d 33, 42 (2d Cir. 2006) (citation omitted). Under New York law, which the parties do not dispute applies, "an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract" and "[w]hen the provisions are unambiguous and understandable, courts are to enforce them as written." *Id.* (citations omitted). "[T]he issue of whether a provision is ambiguous is a question of law," and "focuses on the reasonable expectations of the average insured upon reading the policy." *Hansard v. Federal Ins. Co.*, 46 N.Y.S.3d 163, 166 (2d Dep't 2017) (citations and internal quotation marks omitted). "An insurance policy is a contract between the insurer and the insured" and "[t]hus, the extent of coverage ... is controlled by the relevant policy terms." *Travelers Prop. Cas. Co. of Am. v. Netherlands Ins. Co.*, No. 21-CV-06061, 2023 WL 2339898, at *11 (S.D.N.Y. Mar. 1, 2023) (quotation omitted).

Moreover, where the terms of an insurance contract unambiguously bar a claim of coverage, including defense or indemnification, that plain meaning will control, making summary judgment appropriate. *See Green Harbour Homeowners' Ass'n, Inc. v. Chicago Title Ins. Co.*, 74 A.D.3d 1655, 1658, 905 N.Y.S.2d 304 (3d Dep't 2010) ("Where, as here, an insurance policy's unambiguous terms demonstrate that the policy does not cover the claimed loss, summary judgment is appropriate.").

Here, in interpreting the key provisions of the Policy, the Court finds that MAE is not entitled to coverage under the Policy and, as a result, Harleysville does not have a duty to neither defend nor indemnify MAE for the $2.8 million judgment against it.

The relevant portion of the Policy states, "[t]hroughout this Coverage Form the words "you" and "your" refer to the Named Insured shown in the Declarations." (ECF No. 32-17 at 1.) The Policy's Declarations identify (1) Lexi Realty LLC, (2) ISB Realty LLC, and (3) Bert Real Estate LLC as Named Insureds on the Policy. (*See* Beer Decl., Ex. A at 1.) The Policy also names additional insureds, including Ira S. Bernstein and other individuals. (*Id.* at 13.) MAE is not listed among the any insureds or anywhere in the Declarations. Moreover, the Court did not identify any provision in the Policy which purports to add MAE as an additional insured or otherwise offer coverage. Under New York law, "it is well-settled that a party that is not named either as an insured or additional insured on the face of the insurance policy is not entitled to coverage." *Mikaelian v. Liberty Mut. Ins.*, No. 15-CV-6182 (JFB) (AYS), 2016 WL 4702106, at *4 (E.D.N.Y. Sept. 8, 2016); *see also Nat'l Abatement Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 824 N.Y.S.2d 230, 232 (1st Dep't 2006) (noting that a party is "not entitled to coverage if not named as an insured or an additional insured on the face of the policy."). Plaintiff provides evidence by way of email and letter correspondence with Ira Bernstein and his insurance agent, explaining to Defendant that MAE is not an insured under the Policy and that Harleysville has not received any applications or requests to add MAE as an insured on the Policy. (*See* ECF Nos. 32-12, 32-13.) Van Dyke has not provided evidence to the contrary.

Van Dyke filed a purported opposition to Plaintiff's motion for summary judgment—by way of a motion to re-open discovery—with a four-page and barebones response to Plaintiff's motion, devoid of any evidentiary support or citations to the record. In said motion, Van Dyke provides a single assertion that coverage is owed because the location of the Accident was listed as an insured location on the Policy. Van Dyke's assertions are contrary to the plain terms of the Policy and New York law. The Policy states,

C. Who Is an Insured?

1.    If you are designated in the Declarations as:
  a.    An individual, you and your spouse are insureds, but only with respect to the conduct of a
      business of which you are the sole owner.
          (...)
2.    Each of the following is also an insured:
          (...)
          No person or organization is an insured with respect to the conduct of any current or
          past partnership, joint venture or limited liability company that is not shown as a Named
          Insured in the Declarations.
    (*See* Beer Decl., Exhibit Q at 38-39.)

There is no reference in the Policy that suggests that a location's inclusion would result in coverage a non-named company. Van Dyke fails to support its assertions, and does not provide any opposition, evidence, or substantive arguments on which the Court can rely to support MAE's purported coverage. Further, Van Dyke proffers mere conclusory statements, unsupported by the Policy and New York law, that MAE is entitled to coverage because Ira Bernstein is a Named Insured and, as the sole owner of MAE, is MAE's "alter ego" and therefore covered. "[A nonmoving party's] self-serving statement[s], without direct or circumstantial evidence to support the charge, is insufficient to defeat a motion for summary judgment." *Fincher v. Depository Trust & Clearing Corp.*, No. 06 Cv. 9959 (WHP), 2008 WL 4308126, at *3 (S.D.N.Y. Sept. 17, 2008) *aff'd*, 604 F.3d 712 (2d Cir. 2010) (citing *Gonzales v. Beth Israel Med. Ctr.*, 262 F. Supp. 2d 342, 353 (S.D.N.Y. 2003)).

Nothing in the Policy supports that coverage extends to MAE by way of naming MAE's sole owner Ira Bernstein personally. Nothing in the Policy suggests that the Property's inclusion in the Location Schedule would extend coverage or liability to a non-named company, i.e. MAE. MAE is a separate legal entity distinct from Ira Bernstein, and, from a plain meaning perspective of the Policy, is not insured under the Policy.

Lastly, the Policy contains an explicit and unambiguous "no-coverage" clause, stating that "no person or organization will be considered an insured for partnerships, joint ventures, or LLCs unless those entities are explicitly listed as a Named Insured in the policy's declarations." (Beer Decl., Exhibit Q at 39.) Therefore, the Court concludes MAE would not be covered under the policy unless it were specifically listed in the Declarations section as a Named Insured, which it is not. By contrast, Harleysville is currently defending ISB Realty LLC an LLC explicitly named in the Policy, in the ISB Realty Action in the state-court action initiated by Van Dyke. (Beer Decl., Ex. L at 1.) The Policy language is clear in limiting coverage for business entities unless they are explicitly named. Since MAE is not listed as a Named Insured in the policy's Declarations, MAE is not covered by Harleysville for any incidents related to the LLC's operations, including the Accident.

Van Dyke has not met its burden to demonstrate an issue of material fact as to MAE's coverage under the Policy. As MAE is not an insured on the Policy, Harleysville has no obligation to defend or indemnify MAE, or to make any payment to Van Dyke on MAE's behalf. Van Dyke has not provided any evidence of any exceptions or endorsements that might extend coverage to MAE. Further, there is nothing in the record or the Policy to indicate that Mr. Bernstein's then-ownership of MAE should be interpreted to provide coverage to MAE without express inclusion in the Policy. The Policy language is clear and unambiguous, and the Court finds that MAE is not covered under the Policy. Further, the Court concludes that there is no need to reach the second branch of the Plaintiff's arguments with respect to the lack of notice to Harleysville, asserting that, separately, MAE is not covered by not timely notifying Harleysville of the Underlying Action.

Van Dyke has neither provided any evidence to rebut Harleysville's assertions nor provided indicia of genuine dispute of material fact as to MAE's lack of coverage. A nonmoving

party "may not rely on conclusory allegations or unsubstantiated speculation." *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (internal citation and quotation marks omitted). Accordingly, Plaintiff Harleysville has supported its assertion that there is no genuine dispute of fact with respect to MAE's lack of coverage.

## II.    Default Judgment against MAE

Harleysville's motion also seeks a default judgment against MAE who has not appeared in this action and, per Harleysville pre-motion letter, does not intend to appear. (ECF No. 24, fn. 1.) "The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court." *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999).

Here, Harleysville may be entitled to default judgment as to its claims against MAE if it has complied with the procedural requirements. Harleysville has complied with the requirements for entry of default judgment under Federal Rule 55 and SDNY Local Rule 55.2. However, Harleysville has failed to comply with the default judgment procedures outlined in Attachment A of this Chambers' Individual Rules. Accordingly, the Court denies Plaintiff's motion with respect to the default judgment without prejudice to renew.

## CONCLUSION

For the foregoing reasons, with respect to declaratory judgment against Defendant Glenn Van Dyke, the Court GRANTS Plaintiff Harleysville Preferred Insurance Company's motion for summary judgment and DENIES its motion seeking a default judgment against Defendant MAE Realty Holdings, LLC for failure to move in accordance with Attachment A of this Chambers'

Individual Rules (attached). The Clerk of Court is directed to terminate the motion pending at ECF No. 31, and to terminate Van Dyke as a Defendant from this case.

Plaintiff is directed to follow the instructions regarding seeking default judgment as outlined on Attachment A and ECF Rules 16.1 and 16.3 (with ECF Rules dictating) by October 29, 2025. The Court will schedule an Order to Show Conference upon proper submission of Plaintiff's default judgment materials against Defendant MAE.

Dated: September 29, 2025
      White Plains, New York

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

15

**ATTACHMENT A**

## DEFAULT JUDGMENT PROCEDURE

**1.** Prepare an Order to Show Cause for default judgment and make the Order returnable before Judge Román in Courtroom 218.  Leave blank the date and time of the conference.  Judge Román will set the date and time when he signs the Order.

**2.** Provide the following supporting papers with the Order to Show Cause:

    **A.** An attorney's affidavit setting forth:

        **i.** The basis for entering a default judgment, including a description of the method and date of service of the summons and complaint;

        **ii.** The procedural history beyond service of the summons and complaint, if any;

        **iii.** Whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action;

        **iv.** The proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs; and

        **v.** Legal authority for why an inquest into damages would be unnecessary;

    **B.** A proposed default judgment;

    **C.** Copies of all the pleadings;

    **D.** A copy of the affidavit of service of the summons and complaint;

    **E.** If failure to answer is the basis for the default, a Certificate from the Clerk of Court stating that no answer has been filed.

**3.** Take the Order to Show Cause and supporting papers to the Clerk's Office (1st Floor, White Plains Courthouse) for approval.

**4.** After the Clerk approves the Order to Show Cause, the Clerk will bring the papers to Chambers (Room 275) for the Judge's signature.

**5.** After the Judge signs the Order, the Clerk's Office will docket the Order.  Immediately thereafter, supporting documents shall be filed via ECF.  Serve one copy of the Order and supporting papers on the defendant.  Provide the Court with a courtesy copy of the Order, supporting documents, and affidavit of service.